IN THE DISTRICT COURT IN AND FOR
THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.

DARCI BRAZ,

    Plaintiff,

v.

RECEIVABLES MANAGEMENT BUREAU, INC.,

    Defendant.
_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in the district, and where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, DARCI BRAZ ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Martin and City of Stuart.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, RECEIVABLES MANAGEMENT BUREAU, INC. ("Defendant") or ("RMB") is a corporation who at all relevant times was engaged, by use of the mails and

telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA..

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.  Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant repeatedly and continuously called Plaintiff with regard to an alleged debt that was not hers, despite being told on at least two occasions occurring on or about June 30 and July 7, 2010, that she did not owe the purported debt.

12. Specifically, on or about June 30, 2010, Plaintiff received one of several recorded messages from Defendant that she had to listen to in its entirety to obtain the Defendant's telephone number to communicate that she was not the alleged debtor and request that the Defendant stop calling.

13. The recipient of the Plaintiff's first telephone call to the Defendant immediately hung up on her after Plaintiff communicated that she was not the alleged debtor.

14. Immediately thereafter, Plaintiff called back and spoke to Monte from the Defendant's Delinquent Account Recovery Department who advised that the Plaintiff's contact information would be deleted from their records and she would not be contacted again.

15. Despite this assurance, the Defendant resumed repeatedly calling the Plaintiff's phone number on the same account which prompted the Plaintiff's second phone call to Monte on July 7, 2010, at which time the Defendant again advised that the Plaintiff's contact information would be deleted from their records and she would not be contacted again.

16. Despite this second assurance, the Defendant did not stop calling the Plaintiff on the account.

17. Moreover, the individual who fielded the Plaintiff's first phone call to Defendant on June 30, 2010, failed to identify themselves to Plaintiff and immediately hung up on her when asked their identity

18. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## **COUNT I**

19. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18.

20. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated  15 U.S.C. § 1692d;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

21. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18.

22. Defendant violated 15 U.S.C. § 1692d(6) by failing to disclose the callers individual identity in a telephone call to Plaintiff

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated  15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATIONS OF THE SECTION 559.72(7) OF THE FCCPA

23. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-18 of this complaint.

24. Defendant violated §559.72(7) of the Florida Consumer Collection Practices Act by willfully engaged in conduct which could reasonably be expected to abuse or harass the Plaintiff and members of her family.

25. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, DARCI BRAZ, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Emotional and/or mental anguish damages;

    c. Statutory damages of $1,000.00;

    d. Plaintiff's attorneys' fees and costs;

    e. Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

26. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 23rd day of August 2010.

                                      Respectfully submitted,

**DARCI BRAZ**

By: s/ Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com